**E-FILED**
Wednesday, 22 February, 2012  10:01:06 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | |
|---|---|
| **PEDDINGHAUS CORPORATION,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| **CONTROLLED AUTOMATION, et al.,** | ) Case No. 11-2187 |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

In August 2011, Plaintiff Peddinghaus Corporation filed a Complaint (#1) against Defendants Controlled Automation, Inc., Forney B. Lile, Kris Sykes, and GoDaddy.com. Plaintiff brings counts for cybersquatting, trademark infringement, unfair competition, and others. Plaintiff alleges jurisdiction is proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1332, and that this Court may appropriately exercise supplemental jurisdiction over the state law claims.

In September 2011, Defendant Controlled Automation filed a Motion to Transfer Venue (#7). At the same time, Defendant Lile filed a Motion to Dismiss, Or, In the Alternative, Motion to Transfer Venue (#9). Defendant Sykes also filed a Motion to Dismiss, Or, In the Alternative, Motion to Transfer Venue (#13). In October 2011, Plaintiff filed a Memorandum in Opposition of Defendants' Motion to Dismiss and Transfer Venue (#15), responding to all of Defendants' motions.

After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that the motions to dismiss **(#9, #13)** be **DENIED**. With respect to Defendant Controlled Automation's Motion to Transfer Venue **(#7)** and Defendant Lile's and Defendant Sykes alternative motions to transfer venue **(#9, #13)**, the Court recommends that Defendants' motions to transfer venue be **DENIED**.

## I. Background

The following background is taken from the allegations in Plaintiff's complaint, unless otherwise indicated. Plaintiff is a Delaware corporation with its principal place of business in Bradley, Illinois. Plaintiff is a manufacturer and distributor of metal fabricating and machine tools in the steel industry. Defendant Controlled Automation is an Arkansas corporation with its principal place of business in Arkansas. It is also a manufacturer and distributor of metal fabricating and machine tools for the steel industry, and is a competitor of Plaintiff. Defendants Sykes and Lile were, at the relevant times, employees of Defendant Controlled Automation. Defendants Sykes and Lile are citizens and residents of Arkansas. (#9 p. 3, #14, p. 1).

Since 1977, Plaintiff has been doing business using in commerce the mark "Peddinghaus" and related marks as a trademark in connection with its manufacturing business. Plaintiff has registered the "Peddinghaus" trademark with the United States Patent and Trademark Office. In 1998, Plaintiff registered the internet domain name of "Peddinghaus.com."

In 1997, Defendant Controlled Automation registered an internet domain name of "ControllAutomation.com." Plaintiff alleges that in 2000, Defendant Controlled Automation and Defendant Lile registered the domain name of "Peddinghaus.cc." All web traffic for "Peddinghaus.cc" was redirected to Defendant's website, "ControllAutomation.com." Plaintiff discovered this in March 2010. Plaintiff sent a cease and desist letter, and Defendants surrendered and cancelled the "Peddinghaus.cc" address.

However, in March 2011, Plaintiff alleges that the same essential scenario repeated itself. This time, Defendant Sykes, on behalf of Defendant Controlled Automation, registered through Defendant GoDaddy.com the domain name of "Pedinghaus.com." As before, all web traffic for "Pedinghaus.com" was redirected to Defendant Controlled Automation's website.

## II. Motions to Dismiss for Lack of Personal Jurisdiction

Defendant Sykes and Defendant Lile have each filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Each defendant is a resident and citizen of Arkansas. Neither owns real property in Illinois. The only connection they have to the forum state in this case is their alleged tortious conduct on behalf of their employer.

Much in this case turns on the appropriate legal standard for personal jurisdiction applicable to this particular circumstance. To begin, in a federal question case, a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104-05 (1987). The Illinois long-arm statute permits the exercise of jurisdiction over nonresident defendants if it would be allowed under either the Illinois Constitution or the United States Constitution. *Mobile Anesthesiologists Chi. LLC v. Anesthesia Assoc. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010); see 735 ILCS 5/2-209(c). There is no material difference between these two constitutional limits. *Mobile Anesthesiologists Chi. LLC,* 623 F.3d at 443. As such, this Court's inquiry is whether the exercise of personal jurisdiction in this case comports with federal due process. *FMC Corp. v. Varonos*, 892 F.2d 1308, 1310 (7th Cir. 1990). Plaintiff bears the burden of proving that the jurisdictional requirements are met. *Kinslow v. Pullara*, 538 F.3d 687, 690 (7th Cir. 2008).

Under the Fourteenth Amendment's due process clause, a defendant is subject to personal jurisdiction in a particular state only if the defendant had "certain minimum contracts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). It is unconstitutional to force a defendant to appear in a district court unless his conduct and connection with the forum state are such that he should "reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)). The Supreme Court has also framed the constitutional inquiry in terms of whether

3

the defendant "purposefully avails itself" of the benefits and protections of conducting activities in the forum state. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). See also *Mobile Anesthesiologists Chi. LLC v. Anesthesia Assoc. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010).

Plaintiff argues that this Court has personal jurisdiction over Defendants Sykes and Lyle under a test set forth in *Calder v. Jones*, 465 U.S. 783 (1984). In *Calder*, the Supreme Court found that personal jurisdiction was properly established where nonresident defendants had allegedly aimed their tortious conduct at the forum state by defaming a citizen and resident of the state. *Calder*, 465 U.S. at 788-89. The Supreme Court established what has now become a familiar three-part test, known as the "effects test," and also referred to by the Seventh Circuit as the "express aiming test." *Tamburo v. Dworkin*, 601 F.3d 693, 697 (7th Cir. 2010). Under this test, a court may exercise personal jurisdiction over a nonresident defendant where that defendant (1) has engaged in an intentional action; (2) that was expressly aimed at the forum state; (3) with knowledge that the brunt of the injury would be felt in the forum state. *Calder*, 465 U.S. at 788-89.

Defendants argue that a nonresident individual defendant is not subject to personal jurisdiction based solely on actions it has taken in the forum state in its corporate capacity. *Club Car, Inc. v. Club Car (Quebec) Import, Inc.*, 362 F.3d 775, 784 (11th Cir. 2004).[1] However, a defendant's status as an employee does not insulate him from personal jurisdiction arising from that employee's individual actions. *See Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712 (7th Cir. 1998). Here, similar to the defendants in *Calder*, Defendants Sykes and Lile are alleged to be the "primary participants in an alleged wrongdoing intentionally

---

[1]This case is cited by Defendants, but its applicability and validity are questionable. In stating that a nonresident individual cannot be subject to personal jurisdiction based solely upon acts in Georgia taken in his corporate capacity, the Eleventh Circuit relied on Georgia law. *Club Car, Inc.*, 362 F.3d at 784. The Supreme Court of Georgia later declined to follow *Club Car*. *Amerireach.com, LLC v. Walker*, 719 S.E.2d 489, 494 (Ga. 2011) (holding that the "fiduciary shield" doctrine would not act as a bar to personal jurisdiction).

4

directed" at a citizen of the forum state. *Calder*, 465 U.S. at 790.[2] For this reason, Defendants' argument is unavailing. The Court therefore moves forward in its analysis, noting that the *Calder* test may apply to Defendants Sykes and Lile to determine whether their alleged individual conduct gives rise to personal jurisdiction in this case.

The Seventh Circuit has recently clarified that the appropriate interpretation of *Calder* is best expressed in *Wallace v. Herron*, 778 F.2d 391 (7th Cir. 1985). *Mobile Anesthesiologists Chi. LLC*, 623 F.3d at 445 (7th Cir. 2010). In *Wallace*, the court determined that *Calder* was merely one means of satisfying the traditional due process standard set out in *International Shoe*, and that defendants must have sufficient "minimum contacts" with the forum state in order for a court to exercise personal jurisdiction. *Wallace*, 778 F.2d at 394-95. Furthermore, the Seventh Circuit has stated: "A plaintiff cannot satisfy the *Calder* standard simply by showing that the defendant maintained a website accessible to the residents of the forum state and alleging that the defendant caused harm through that website." *Mobile Anesthesiologists Chi. LLC*, 623 F.3d at 446 (7th Cir. 2010). Other courts applying *Wallace* to internet cases have also noted that a plaintiff's mere assertion that a defendant has committed an intentional tort against the plaintiff is insufficient to establish personal jurisdiction. *Family Watchdog, LLC v. Schweiss*, No. 08-cv-642, 2009 WL 276856, at *4 (S.D. Ind. Feb. 5, 2009). However, an "intentional targeting" of an individual in the forum is sufficient to establish personal jurisdiction, and such "intentional targeting" may be related to trademark infringement or customer confusion. *Id*. *See also Nerds on Call, Inc. (Indiana) v. Nerds on Call, Inc. (California)*, 598 F.Supp.2d 913 (S.D. Ind. 2008); *Annie Oakley Enters., Inc. v. Sunset Tan Corporate & Consulting, LLC*, 703 F.Supp.2d 881, 891 (N.D. Ind. 2010). The Seventh Circuit has stated: "Tortious acts aimed at a target in the forum state and undertaken for the express purpose of causing injury there are sufficient to satisfy Calder's express-aiming requirement." *Tamburo v. Dworkin*, 601 F.3d 693, 707 (7th Cir. 2010).

---

[2]See also *Silverlit Toys Manufactory, Ltd. v. Absolute Toy Marketing, Inc*., No. 06-7966, 2007 WL 521239, at *8-9 (N.D. Cal. Feb. 15, 2007) (denying a motion to dismiss by individual defendants, where plaintiff had alleged the individual defendants were the moving force behind the trademark infringing activity).

5

Here, applying the *Calder* express aiming test, the Plaintiff has alleged that Defendants Sykes and Lile each engaged in the intentional act of registering web domains that were confusingly similar to Plaintiff's trademarked name. Plaintiff has alleged their conduct was expressly aimed at the forum state, in that the Defendants engaged in this conduct for the purpose of diverting Plaintiff's customers, and Plaintiff is a citizen of the State of Illinois. Finally, Defendants allegedly knew the brunt of the injury would be felt in the forum state, as any damages resulting from Defendants' alleged cybersquatting, trademark infringement, and unfair competition would be felt by Plaintiff. Plaintiff has alleged that Defendants intentionally targeted Plaintiff and acted with the express purpose of causing injury to Plaintiff. Thus, Plaintiff's allegations, if true, would satisfy the *Calder* express aiming test.

Furthermore, it is significant that Plaintiff's complaint goes beyond mere allegations that Defendants maintained a website accessible to the residents of the forum state, and that the Defendants caused harm through that website. In *Mobile Anesthesiologists*, in which the Seventh Circuit determined that such a showing by itself would be insufficient, the court was considering a very different type of case that what Plaintiff has alleged in the case at bar. *Mobile Anesthesiologists Chi. LLC v. Anesthesia Assoc. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010) In *Mobile Anesthesiologists*, a plaintiff brought suit against a defendant, alleging the defendant registered a domain name confusingly similar to the plaintiff's registered trademark. *Id*. However, in that case, the defendant maintained the domain name in question in order to advertise its professional activities, which were entirely limited to the state in which it was domiciled. The defendant was unaware that the plaintiff, plaintiff's trademark, or plaintiff's website existed until it received a cease and desist letter from plaintiff's counsel. Thus, the district court determined that the plaintiff's allegation that the defendant intended to do harm to plaintiff was "entirely unsupported" and an "empty conclusion." *Id*. at 442. In contrast, here, Plaintiff has alleged that both Plaintiff and Defendant Controlled Automation are competitors, and thus fully aware of each other's existence. Most significantly, Plaintiff has alleged that

6

Defendants Sykes and Lile registered web domains, in violation of Plaintiff's rights, for the purpose of diverting web traffic from Plaintiff's website to Defendant Controlled Automation's website.

For these reasons, the Court recommends that Defendant Lile's and Defendant Sykes' motions to dismiss for lack of personal jurisdiction be denied.

### III. Motions for Transfer of Venue

Defendant Controlled Automation has filed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). In addition, Defendant Sykes and Defendant Lile have each filed a motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the alternative, they seek a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). Defendants argue that venue here is improper under 28 U.S.C. § 1391(b).

*A. Proper Venue Under 28 U.S.C. §1391*

Under 28 U.S.C. § 1391(b), applicable to civil actions wherein jurisdiction is not founded solely on diversity, venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Furthermore, for the purposes of determining venue under this provision, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c).

In this case, 28 U.S.C. § 1391(b)(1) is inapplicable because not all of the defendants reside in the same state. This conclusion rests on the presence of Defendant GoDaddy.com in

7

the suit. Defendant GoDaddy.com is an Arizona corporation with its principal place of business in Scottsdale, Arizona. (#1, p. 2 ¶ 7).[3]

As such, this Court must analyze whether a substantial part of the events or omissions giving rise to this claim occurred in the Central District of State of Illinois. This test looks not to the defendant's contacts with the forum, but the location of events giving rise to the cause of action. *Master Tech Products, Inc. v. Smith*, 181 F.Supp.2d 910, 914 (N.D. Ill. 2002).

Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). For venue to be proper under this section, the majority of the events giving rise to the claim need not occur in the venue, only a substantial part. *Caldera Pharm., Inc. v. Los Alamos Nat'l. Sec., LLC*, No. 10 C 6347, 2012 WL 245115, at *1 (N.D. Ill. Jan. 26, 2012). "If the selected district's contacts are 'substantial,', it should make no difference that another's are more so, or the most so." *Chem. Waste Mgmt. v. Sims*, 870 F.Supp. 870, 875 (N.D. Ill. 1994) (citations omitted). The Seventh Circuit has indicated that, in a trademark infringement case, venue is proper in the forum where the plaintiff's injury occurred. *Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club Ltd. P'ship*, 34 F.3d 410, 412 (7th Cir. 1994). The Court reasoned that, because there can be no tort without injury, the state in which the injury occurs is the state in which the tort occurs. *Id*. The Court relied in part on *Calder v. Jones*, and indicated that in this type of case, the analysis with respect to personal jurisdiction and venue largely overlap. *Id*. (citing *Calder v. Jones*, 465 U.S. 783 (1984)).

As this Court has already indicated, Plaintiff has alleged that Defendants intentionally targeted Plaintiff and acted with the express purpose of causing injury to Plaintiff. Here, the injury allegedly sustained by Plaintiff in this judicial district is enough to make this district a

---

[3]A summons returned executed was filed on February 6, 2012, indicating service of process was completed on August 1, 2011. (#17).

8

place in which a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b).

For these reasons, the court recommends that Defendant Sykes and Defendant Lile's motions to dismiss for improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3), be denied.

*B. Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)*

Even where a plaintiff has shown that venue is proper, a defendant may seek a change of venue pursuant to 28 U.S.C. § 1404(a). The rule provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

The Defendants each set forth the following nine factors that a court should consider in determining whether transfer of venue is warranted: (1) the convenience of the witnesses, (2) the convenience of the parties, (3) the location of relevant documents and the relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum's familiarity with governing law, (8) the weight accorded to plaintiff's choice of forum, and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*, 415 F.Supp.2d 370, 373 (S.D.N.Y. 2006). *See also Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (discussing factors that may be considered under § 1404(a)). Where the balance of convenience is a close call, merely shifting inconvenience from one party to another is not a sufficient basis for transfer. *Research Automation, Inc.*, 626 F.3d at 979-80.

Defendants argue that this Court should transfer this case to the Eastern District of Arkansas for the convenience of the parties and witnesses. Among the arguments made by Defendants, the most compelling argument in favor of granting the transfer of venue is the potential burden this suit has on Defendant Sykes and Defendant Lile. Defendant Sykes

9

indicates that he is simply an employee of Defendant Controlled Automation, with no ownership interest in the company, and is of limited means. He further claims that defending against this claim in this Court would present difficulties for him to meet with his legal counsel.

Aside from this, however, all of the potential considerations do not favor one forum over the other. With respect to convenience of the witnesses and access to sources of proof, Plaintiff correctly notes that all of Plaintiff's witnesses reside in Illinois, and evidence relating to damages will come from documents located in Illinois. The opinions from Plaintiff's expert witnesses will come from examination of documents and records located in Illinois. Furthermore, as this Court's previous discussion has made clear, the locus of operative facts could properly be considered to be in Illinois or in Arkansas.

Additionally, this Court accords great weight to Plaintiff's choice of forum. This Court believes that Plaintiff's interest in choosing the forum is at least as significant as the individual Defendants' interest in convenience.

As such, the various considerations regarding venue are essentially balanced, making the determination of whether to grant transfer of venue a close call. The Seventh Circuit has instructed that where the balance of the factors is a close call, merely shifting inconvenience from one party to another is not a sufficient basis for transfer. *Research Automation, Inc.*, 626 F.3d at 979-80. The Court therefore concludes that the litigation should remain in this district for the time being, and should remain in this district absent any developments in the litigation that significantly impact the factors noted above. In conclusion, this Court recommends that Defendants' motions to transfer venue be denied.

### IV. Summary

For the reasons stated above, this Court recommends that the motions to dismiss **(#9, #13)** be **DENIED**. With respect to Defendant Controlled Automation's Motion to Transfer Venue **(#7)** and Defendant Lile's and Defendant Sykes alternative motions to transfer venue **(#9, #13)**, the Court recommends that Defendants' motions to transfer venue be **DENIED**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 22nd day of February, 2012.

s/ DAVID G. BERNTHAL<br>U.S. MAGISTRATE JUDGE